IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
|     Plaintiff/Respondent, | § | |
| | § | |
| v. | § | Cr. No. C-06-566 (1) |
| | § | C.A. No. 07-167 |
| RUBEN NAVARRO, | § | |
| | § | |
|     Defendant/Movant. | § | |

**ORDER DISMISSING MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE
AND ORDER DENYING CERTIFICATE OF APPEALABILITY**

Pending before the Court is Ruben Navarro's ("Navarro") motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (D.E. 30),[1] which was received by the Clerk on April 9, 2007. The Court concludes that it is not necessary to order a government response because "it plainly appears from motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS. Navarro's motion is subject to dismissal because he waived his right to file the claims he raises therein. For this reason, discussed in more detail below, the Court DISMISSES the motion. Additionally, the Court DENIES Navarro a Certificate of Appealability.

### I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255.

---

[1] Docket entry references are to the criminal case, Cr. C-06-566.

1

## II. FACTS AND PROCEEDINGS

On August 17, 2006, Navarro was charged in a single-count indictment with knowingly transporting and moving within the United States an illegal alien by means of a motor vehicle, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii) and 1324(a)(1)(B)(ii). (D.E. 13.) On September 14, 2006, Navarro pleaded guilty to the indictment, pursuant to a written plea agreement. (D.E. 19, 20.) In exchange for his guilty plea to the sole count in the indictment and his waiver of appellate and § 2255 rights (discussed below), the government agreed to recommend that he receive the maximum credit for acceptance of responsibility and to recommend a sentence at the lowest end of the guideline range. (D.E. 20 at ¶ 2.)

The plea agreement contained a voluntary waiver of Navarro's right to appeal and to file a § 2255 motion:

> Defendant waives his/her right to appeal both the conviction and the sentence imposed. Defendant is aware that Title 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. The defendant waives the right to appeal the sentence imposed or the manner in which it was determined. The defendant may appeal <u>only</u> (a) the sentence imposed above the statutory maximum; or (b) an upward departure from the Sentencing Guidelines, which had not been requested by the United States, as set forth in 18 U.S.C. § 3742(b). Additionally, the defendant is aware that Title 28, U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. The defendant waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding.

(D.E. 20 at ¶ 7 (emphasis in original).)

The Court questioned Navarro under oath at the rearraignment to ensure that his plea was voluntary and knowing and to ensure that he understood and was voluntarily relinquishing his appeal rights and right to collaterally attack his conviction and sentence. According to the electronic recording of the rearraignment, after informing him regarding the waiver of his appellate rights, the Court also ensured that Navarro understood he was waiving his right to file a § 2255 motion:

> THE COURT: . . .There's one other right you're giving up in this plea agreement that's independent of your right to appeal and the other trial rights. It's also a personal right, like these other rights are, and only you can give it up. It's the right to file a post-conviction remedy, wherein you could attempt to set aside your conviction and/or your sentence, by challenging such matters as ineffective assistance of counsel, constitutionality, or jurisdiction, to name a few. But if you go forward today, you also give up that right forever. Do you understand that? ... Mr. Navarro?
>
> THE DEFENDANT: Yes. Yes, Your Honor.

(Digital Recording ("R. Rec.") of September 14, 2006 Rearraignment at 9:58-9:59.)

After the prosecutor had summarized the agreement, including a reference to the waiver provision, Navarro testified that the agreement was his, that it was his entire and complete agreement, and that he understood it. (R. Rec. at 10:01-10:02.) He identified the physical document as his agreement, testified that it was his signature on the last page, and also testified that he read the document in its entirety before he signed it, and that he had discussed it completely with his attorney before he signed it. (R. Rec. at 10:03-10:04.) He further testified that there were no other promises or agreements made to him other than what was in the agreement. He specifically testified that no one had promised him leniency, that he would get a motion for downward departure, or that he would receive the benefit of the safety valve. (R. Rec. at 10:02.)

It is clear from the foregoing that Navarro's waiver of his § 2255 right was knowing and voluntary. See Fed. R. Crim. P. 11(b)(1)(N) (obligating court to ensure defendant understands any waiver of § 2255 rights and appellate rights prior to accepting his plea). His testimony establishes that he had read and understood his plea agreement, that his decision to plead guilty was not induced by any promises outside of the agreement, and that he specifically understood the waiver provision.

The Court sentenced Navarro on November 27, 2006 to 30 months in the custody of the Bureau of Prisons, to be followed by a three-year term of supervised release, and also imposed a $100 special assessment. (D.E. 27, 28.) Judgment of conviction and sentence was entered December 1,

2006. (D.E. 28.) Consistent with his waiver of appellate rights, Navarro did not appeal. He filed the instant § 2255 motion on April 27, 2007. It is timely.

### III. MOVANT'S ALLEGATIONS

In his § 2255 motion, Navarro lists four grounds for relief. First, he claims that he was denied effective assistance of counsel because of the following alleged errors or omissions by his counsel:

> (1) counsel failed to object to the PSR's recommendation of a nighttime restriction as a condition of supervision;
>
> (2) counsel failed to ask the Court to recommend that Navarro be placed in a residential drug abuse program while in confinement;
>
> (3) counsel failed to present mitigating circumstances to support a motion for downward departure;
>
> (4) counsel failed to perfect the record on appeal; and
>
> (5) counsel failed to appeal: (a) the nighttime restriction imposed as a special condition of supervision; and (b) the Court's failure to recommend Navarro's placement in a residential drug treatment program.

(D.E. 30, Brief in Support of § 2255 motion at 2.)

Second, he claims that his sentence violated United States v. Booker, 543 U.S. 220 (2005), and that he should have received a lesser sentence. Third, he argues that the special condition of his supervision restricting his nighttime activities unduly prejudices him because he is a truck driver and needs to be able to drive during the evenings while traveling long distances in order to resume his employment. (D.E. 30 at 4.) Fourth and finally, he claims that he does not qualify for a one-year reduction in sentence for participation and completion of a residential drug abuse program. He requests an order from the Court recommending him for the program and reduction.

## IV. DISCUSSION

**A.     28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996).  "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."  United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992).  "[A] collateral challenge may not do service for an appeal."  United States v. Frady, 456 U.S. 152, 165 (1982).

**B.     Waiver of § 2255 Rights**

The Court need not address whether Navarro has procedurally defaulted his claims by failing to appeal, nor will the Court reach the merits of his claims.  Rather, the Court concludes that Navarro's motion fails in its entirety because he waived his right to file the claims in his § 2255 motion.  United States v. Wilkes, 20 F.3d 651 (5th Cir. 1994) (enforcing defendant's voluntary and knowing waiver of § 2255 rights).  Nowhere in his motion does Navarro challenge the validity of the waiver itself, nor does he challenge his counsel's advice related to his plea or the waiver.  See, e.g., United States v. White, 307 F.3d 336, 343-44 (5th Cir. 2002) (an ineffective assistance claim survives such a waiver "only when the claimed assistance directly affected the validity of that waiver or the plea itself").  Instead, all of his claims allege either errors by the Court at sentencing, or ineffective assistance of counsel at sentencing or on appeal.  Thus, his claims fall within the scope of his waiver, and are subject to it.

5

Moreover, the record is plain that his waiver was knowing and voluntary, and therefore enforceable. It is clear from the rearraignment recording that Navarro understood that he was waiving his right both to appeal (except under certain circumstances) and to file any § 2255 motions, all that is required. See supra at 2-3; see Wilkes, 20 F.3d at 653 (waiver is knowing if defendant understood he had a right, and understood he was giving it up). Navarro's statements under oath are entitled to a strong presumption of truthfulness. United States v. Lampaziane, 251 F.3d 519, 524 (5th Cir. 2001) (citing Blackledge v. Allison, 431 U.S. 63, 74, 97 S. Ct. 1621, 1629 (1977));Wilkes, 20 F.3d at 653 (citing Blackledge for same proposition). Indeed, the Fifth Circuit affords "great weight to the defendant's statements at the plea colloquy." United States v. Cothran, 302 F.3d 279, 283-84 (5th Cir. 2002). Here, those statements show that Navarro voluntarily and knowingly waived his § 2255 rights.

In sum, the Court concludes that Navarro's waiver of his right to file a § 2255 motion is valid and enforceable. His motion is not properly before the Court and is therefore DISMISSED.

## C.     Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253 (c)(1)(A). A COA, however, "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 123 S. Ct. 1029, 1039 (2003). Although Navarro has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5thCir. 2000) (it is appropriate for district court to address *sua sponte* issue of whether a COA should be granted or denied, even before one is requested).

To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added); see also United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (applying Slack to COA determination in context of § 2255 proceedings). It is unnecessary for the Court to decide whether Navarro has stated a valid claim for relief, because he cannot establish the second Slack criterion. That is, reasonable jurists could not disagree that his waiver bars his motion. Accordingly, he is not entitled to a COA.

## V. CONCLUSION

For the above-stated reasons, Navarro's motion under 28 U.S.C. § 2255 (D.E. 30) is DISMISSED. The Court also DENIES him a Certificate of Appealability.

ORDERED this 25th day of April, 2007.

_____
Janis Graham Jack
United States District Judge